UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 4:00-CV-1927 (CEJ) |
| v. | ) ) | |
| BANCORP SERVICES, L.L.C. and BENEFIT FINANCE PARTNERS, L.L.C, | ) ) ) | |
| Defendants. | ) ) | |

## STIPULATION AND ORDER

WHEREAS, on February 6, 2007, the Court issued a Memorandum and Order (the "February 6, 2007, Order") (Dkt. No. 207) granting Plaintiff Metropolitan Life Insurance Company's ("MetLife") motion for reconsideration and, upon reconsideration, granting MetLife's motion for partial summary judgment with respect to (a) that portion of the First Claim for Relief of MetLife's Second Amended Complaint against Defendants Bancorp Services, L.L.C. ("Bancorp") and Benefit Finance Partners, L.L.C. (collectively "Defendants") as sought a declaratory judgment of non-infringement; and (b) Bancorp's Counterclaim for patent infringement; and

WHEREAS, the parties wish to obtain final judgment in this case without prejudicing the substantive rights of any party.

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to this action, through their respective counsel, and ORDERED by the Court as follows:

1. That portion of the First Claim for Relief alleged in MetLife's Second Amended Complaint that seeks a declaratory judgment that Patent No. 5,926,792 (the "'792 Patent") is invalid, void and/or unenforceable is hereby DISMISSED WITHOUT PREJUDICE.

25759565.2

2. The Second, Third and Fourth Claims for Relief alleged in MetLife's Second Amended Complaint are hereby DISMISSED WITHOUT PREJUDICE.

3. In accordance with the Order of February 6, 2007, and this Stipulation and Order, the Court will sign and direct entry of a FINAL JUDGMENT in this action, in the form annexed hereto as Exhibit A, in favor of MetLife on MetLife's request for a declaratory judgment of non-infringement and on Bancorp's counterclaim for patent infringement, and dismissing MetLife's remaining claims without prejudice.

4. The statute of limitations with respect to the claims dismissed without prejudice pursuant to Paragraphs 1 and 2 above shall be tolled from the date this action was initially commenced through and including ninety (90) days after the later of (a) the final determination of all available appellate review of the Final Judgment referred to in Paragraph 3 above (including without limitation review pursuant to a petition for rehearing, for rehearing en banc, or for a writ of certiorari) or (b) the time within which to seek any such available appellate review of the said Final Judgment has expired without such available appellate review having been sought.

5. The time within which MetLife may move for attorneys' fees in this action pursuant to 28 U.S.C. § 285 and seek to tax costs, and the time within which Bancorp may move for Rule 11 sanctions with respect to the Second, Third and Fourth Claims for Relief alleged in MetLife's Second Amended Complaint, shall be extended through and including ninety (90) days after the later of (a) the final determination of all available appellate review of the Final Judgment referred to in Paragraph 3 above (including without limitation review pursuant to a petition for rehearing, for rehearing en banc, or for a writ of certiorari) or (b) the time within which to seek any such available appellate review of the said Final Judgment has expired without such available appellate review having been sought. Notwithstanding the foregoing, neither MetLife nor Bancorp shall file a motion of the type referred to in the preceding sentence, or seek

to tax costs, any earlier than the determination of an appeal from the Final Judgment or the expiration of the time within which an appeal from the Final Judgment could have been taken without an appeal having been filed.

6. Nothing contained herein is intended to or shall in any manner limit Defendants' rights to appeal the February 6, 2007, Order and the Final Judgment contemplated hereby. Defendants shall have the right to appeal the February 6, 2007, Order and the Final Judgment immediately upon entry of the Final Judgment and the time within which Defendants may appeal the said February 6, 2007, Order and Final Judgment shall begin to run upon the entry of the Final Judgment. The Court shall not extend the time to appeal under Rule 58(c)(2) or otherwise.

7. Nothing contained in this Stipulation and Order shall be binding, or of any force or effect, unless and until it is "so ordered" by the Court.

SO STIPULATED:

Dated: March 30, 2007

John H. Quinn, III, #4110
ARMSTRONG TEASDALE, LLP
One Metropolitan Square
Suite 2600
St. Louis, Missouri 63102-2740
Tel: (314) 621-5070
Fax: (314) 621-5065
Email: jquinn@armstrongteasdale.com

— and —

FULBRIGHT & JAWORSKI L.L.P.

By: *Joseph P. Zammit*
Joseph P. Zammit (JZ3422)
Edward P. Dolido (ED4084)
666 Fifth Avenue
New York, New York 10103
Tel: (212) 318-3000
Fax: (212) 318-3400
Email: jzammit@fulbright.com

Attorneys for Plaintiff Metropolitan Life
Insurance Company

Dirk DeYoung
LASHLY AND BAER, P.C.
714 Locust Street
St. Louis, MO 63101-1699
Tel: (314) 621-2939
Fax: (314) 621-6844
Email: ddeyong@lasnlybaer.com

— and —

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: *[signature]*
Charles K. Verhoeven
David A. Perlson
50 California Street
22nd Floor
San Francisco, CA 94111
Tel: (415) 986-5700
Fax: (415 986-5707
Email:
charlesverhoeven@quinnemanuel.com

Attorneys for Defendants Bancorp
Services, L.L.C. and Benefit Finance
Partners, L.L.C.

SO ORDERED:

*[signature]* April 2, 2007
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE